UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN HANES, | : |
| Plaintiff, | : |
| -vs- | : Case No. |
| GRAYSLAKE POLICE OFFICERS JOSEPH ZURICK, HOLTZ, ZAPIEN, MADDEN, NEWMAN, ERNST, GOERS GORE, MAGNES, CROWLEY, FIASCHE and the VILLAGE OF GRAYSLAKE, | : Jury Demanded<br>: FILED<br>: MAY 9, 2008         YM<br>: 08CV2714<br>: JUDGE NORGLE<br>: MAGISTRATE JUDGE DENLOW |
| Defendants. | : |

## COMPLAINT

NOW COMES Plaintiff, STEPHEN HANES, and complaining of Defendants GRAYSLAKE POLICE OFFICERS ZURICK, HOLTZ, ZAPIEN, MADDEN, NEWMAN, ERNST, GOERS, GORE, MAGNES, CROWLEY and FIASCHE, and the VILLAGE OF GRAYSLAKE, states as follows:

### Nature of The Action

1. Plaintiff STEPHEN HANES brings this claim to redress the deprivation of his Constitutional Rights by persons acting under color of state law.

Specifically, Plaintiff claims his right to equal protection under the law has been violated by various police officers of the Village of Grayslake, Illinois, and the Village itself.

## Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. § 1983 for deprivation of Plaintiff's constitutional civil rights. Jurisdiction is appropriate under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

3. The claims asserted herein arose in the area encompassed by the United States District Court for the Northern District of Illinois (i.e., Grayslake, Illinois) and venue is therefore proper under 28 U.S.C. § 1391(b).

## Plaintiff

4. Plaintiff STEPHEN HANES is an individual residing in Grayslake, Illinois, where he has been residing for at least ten (10) years.

## Defendants

5. Defendant JOSEPH ZURICK is a Grayslake Police Officer. At all times relevant hereto, Defendant Zurick was acting under color of state law.

6. Defendant OFFICER HOLTZ (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Holtz was acting under color of state law.

7. Defendant OFFICER ZAPIEN (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Zapien was acting under color of state law.

8. Defendant OFFICER MADDEN (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Madden was acting under color of state law.

9. Defendant OFFICER NEWMAN (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Newman was acting under color of state law.

10. Defendant OFFICER ERNST (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Ernst was acting under color of state law.

11. Defendant OFFICER GOERS (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Goers was acting under color of state law.

12. Defendant OFFICER GORE (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Gore was acting under color of state law.

13. Defendant OFFICER MAGNES (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Magnes was acting under color of state law.

14. Defendant OFFICER CROWLEY (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Crowley was acting under color of state law.

15. Defendant OFFICER FIASCHE (first name presently unknown) is a Grayslake Police Officer. At all times relevant hereto, Defendant Fiasche was acting under color of state law.

16. The Village of Grayslake is a municipality in the Northwestern Chicago suburbs. It has approximately 20,000 residents.

### Cause of Action

17. For approximately the last four years, Plaintiff has been involved in disputes with his neighbor or neighbors in Grayslake, Illinois.

18. Plaintiff called the Village Police who either failed to act upon Plaintiff's complaints or wound up arresting him and not his neighbors.

19. Additionally, Plaintiff has been arrested at least eight times for numerous petty offenses, usually at the instigation of his neighbors. When these cases have appeared on the court call for trial, the cases have been dismissed for want of prosecution or dismissed by the prosecutor (i.e. "nolle prossed").

20. Specifically, the record of the charges brought against Plaintiff and the results of those charges since 2004 are as follows:

| Case Number | Charge | Disposition | Date |
|---|---|---|---|
| 040V00005467 | Disorderly Conduct | Dismiss-Want of Pros | 7/19/2004 |
| 04CM00003755 | Crim Trespass Remain on Land | Nolle Prosequi | 6/18/2004 |
| 04CM00003756 | Disorderly Conduct | Nolle Prosequi | 6/18/2004 |
| 04TR00096635 | No Lamp at Nighttime/Bicycle | Dismiss-Want of Pros | 6/18/2004 |
| 050V00000403 | Disorderly Conduct | Nolle Prosequi | 1/17/2005 |
| 05CM00000363 | Disorderly Conduct | Dismiss-Defense Mot | 1/17/2005 |
| 060V00007734 | Disorderly Conduct | Nolle Prosequi | 8/29/2006 |
| 070V00005835 | Disorderly Conduct | Dismissed | 7/20/2007 |
| 07CM00001499 | Disorderly Conduct | Dismissed | 3/11/2007 |
| 07CM00001499 | Knowingly Damage Prop<$300 | Dismissed | 3/11/2007 |
| 07CM00001499 | Knowingly Damage Prop<$300 | Dismissed | 3/11/2007 |
| 07CM00001499 | Resist/Peace Officer/Corr Emp | Dismissed | 3/11/2007 |
| 07CM00001499 | Resist/Peace Officer/Corr Emp | Dismissed | 3/11/2007 |

21. The various Police Officers named as Defendants were the officers involved in the above-referenced arrests, or who refused to allow Plaintiff to make complaint or ignored Plaintiff's complaints about others.

22. At least two of these officers have stated to others that they "hate" Plaintiff and do not respect him.

23. The Grayslake Police database even describes Plaintiff as a "career criminal" although Plaintiff has never been convicted of any criminal offense whatsoever. "See Exhibit A attached".

24. The Grayslake Police have enforced the law one-sidedly against Plaintiff.

25. Specifically, Plaintiff is treated differently than other citizens of Grayslake, Illinois, in that other citizens of Grayslake, Illinois, are allowed to make complaints about their neighbors, and are not subjected to numerous arrests for petty offenses for reasons of personal hatred unrelated to the police officers' duties.

26. Moreover, the selective way in which the law is enforced in Grayslake, as evidenced by the Police Department's groundless branding of Plaintiff as a "career criminal", is a Village policy to ignore the legitimate complaints of Plaintiff and to punish him by encouraging his neighbors to make petty complaints about him, and allowing officers to arrest him for petty offenses the Village has no intention of actually prosecuting.

27. Plaintiff is informed, and so alleges, that the conduct of the police officers and the Village policy described above are invidious and violate Plaintiff's

right to equal protection of the laws protected by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff STEPHEN HANES respectfully requests that this Court enter judgment in his favor and against Defendants GRAYSLAKE POLICE OFFICERS ZURICK, HOLTZ, ZAPIEN, MADDEN, NEWMAN, ERNST, GOERS, GORE, MAGNES, CROWLEY and FIASCHE, and the VILLAGE OF GRAYSLAKE for an amount in excess of $500,000.00, plus punitive damages in an amount to be set by the jury, costs, and attorney's fees, and for all other legal and equitable remedies available under law.

Respectfully submitted,

/s/Agnes Grossman
Agnes Grossman

Agnes Grossman
**Law Offices of Richard D. Grossman**
225 West Wacker Drive
20th Floor
Chicago, IL  60606
(312) 750-9308